BAKER & HOSTETLER LLP
John Siegal
Tiffany A. Miao
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4200
Email: jsiegal@bakerlaw.com
Email: tmiao@bakerlaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INTREPID FINANCIAL PARTNERS, LLC,<br><br>    Plaintiff,<br><br>-v.-<br><br>ANTONIO C. FERNANDEZ,<br><br>    Defendant. | Case No.: 20 cv 9779<br><br>**ORDER TO SHOW CAUSE GRANTING TEMPORARY RESTRAINING ORDER AND MOTION FOR EXPEDITED DISCOVERY** |

  **THIS MATTER** having been opened to the United States District Court by Baker & Hostetler LLP, attorneys for Plaintiff Intrepid Financial Partners ("Intrepid" or "Plaintiff") by way of an Order to Show Cause, pursuant to Federal Rule of Civil Procedure 65, upon due notice of Defendant Antonio Fernandez ("Defendant"), and the Court having considered Intrepid's emergent application for a temporary restraining order to preserve the status quo pending a preliminary injunction hearing and for expedited discovery, and the written submissions and exhibits submitted in support thereof, and the entire record before the Court, and for good cause shown,

  **IT IS** upon this 30th day of November, 2020,

  **ORDERED** that Plaintiff's application is **GRANTED**, and thus pending the return date of this Order to Show Cause and resolution of the application for a preliminary injunction, but ending no later than December 31, 2020, in accordance with the Non-Competition and Confidentiality

Agreement between the parties, dated July 24, 2018, Defendant shall immediately be temporarily enjoined and restrained, from, directly or through others:

- A. Directly or indirectly using, disclosing, or permitting to be known Intrepid's Confidential Information[1];

- B. Directly or indirectly removing from Intrepid's premises, or make any copies of, Confidential Information;

- C. Directly or indirectly, whether as an owner, partner, executive, director, consultant, contractor, advisor, agent, or employee, guarantor, surety or otherwise, or through any person, consulting with or in any way aiding or assisting any person to engage or attempt to engage in any employment, consulting, or other activity which directly or indirectly competes with the current business of Intrepid or business under development by Intrepid (the "Restricted Field")[2];

- D. Directly or indirectly, on behalf of any party or person other than Intrepid, soliciting or inducing (or assisting or providing information in connection therewith) any current customer of Intrepid, or prospective customer of Intrepid that has been identified to Mr. Fernandez or Confidential Information as to which is otherwise known to Mr. Fernandez by reason of his Intrepid employment, to provide any Energy Sector product, service, or business that is competitive with or substantially similar to any product, service, or business currently offered or currently planned to be offered by Intrepid, or to induce such current customer or prospective customer to reduce or diminish the volume or level of their business with Intrepid; and

- E. Directly or indirectly, on behalf of any party or person other than Intrepid, soliciting or inducing (or assisting or providing information in connection therewith) any current employee of Intrepid to leave the employ of Intrepid.

---

[1] "Confidential Information" means "all non-public information of and about [Intrepid], including, without limitation, business activities, business plans, strategies, legal affairs, organizational and personnel matters, existing and potential customers, customer information, contracts and agreements with customers, strategies, pending and proposed acquisitions, intellectual property, trade secrets, operational and hiring matters, personnel policies, market studies and forecasts, competitive analysis, regardless of the form in which such information is stored." The term "Confidential Information" also includes "any Confidential Information of any client, investor corporate partner, or joint venture of [Intrepid], or any other third party that [Intrepid] is required by agreement to keep confidential." (Non-Competition and Confidentiality Agreement, § 2(c)).

[2] "Restricted Field" means, for purposes of this Order, any business enterprise that is engaged, or owns or controls a significant entity that is engaged in any place in the world in any Energy Sector business activities in which Intrepid and/or any of its affiliates are engaged primarily or in any substantial manner. (Non-Competition and Confidentiality Agreement, § 4(a)).

**ORDERED** that Defendant is hereby directed to appear before the Honorable  Laura Taylor Swain         , U.S.D.J., at the United States District Court for the Southern District of New York, located at 500 Pearl on the 18    day of December, 2020, at  2:00 p.m., or as soon thereafter as this matter can be heard show cause why an Order should not be entered converting this Temporary Restraining Order into a Preliminary Injunction that shall remain in place pending conclusion of this matter.  The hearing will be conducted telephonically or by Skype, depending on the needs of the proceeding, as determined by the Court.

**ORDERED** that the foregoing temporary restraints shall continue up to and including 11:59 p.m. on December 31, 2020; or, if earlier, the date upon which Plaintiff's preliminary injunction application is resolved.; and it is further

**ORDERED:**

Plaintiff's papers in support of the Preliminary Injunction application (together with any further supporting declarations and deposition excerpts) shall be filed by December 11, 2020;

1. That any opposition papers (together with any further supporting declarations and deposition excerpts) shall be filed by December 14, 2020;

2. That any reply papers must be filed by December 16, 2020;

1. That the parties must meet and confer and file joint pre-hearing submissions by Thursday December 17, 2020, at noon, including joint exhibit and witness lists, pdf compilations of exhibits, and protocols for testimony if any, as set forth in detail on the record of the November 30, 2020, TRO hearing.

3. That there is good cause to permit notice of this Order to Show Cause and service of the Complaint and Amended Complaint and all other supporting documents by alternative means, given the exigency of the circumstances and the need for prompt relief. The following means of service are authorized by law, satisfy due process, satisfy Federal Rule of Civil

Procedure 4(f)(3), and shall be deemed reasonably calculated to notify Defendant of this Order to Show Cause, the Complaint, the Amended Complaint, and this action: simultaneous service via e-mail and overnight mail upon Defendant at his home or place of business, and upon counsel for Defendant, when known;

**ORDERED** that Plaintiff's Motion for Expedited Discovery be and is hereby **GRANTED** and that Plaintiff is granted immediate leave of Court to conduct the following limited discovery on the equity matters at issue in the Amended Complaint:

2. Plaintiff may serve document requests, interrogatories and deposition notice (*i.e.*, no more than 10 document requests, 10 interrogatories and one deposition notice) upon Defendant upon execution of this Order, and Defendant may serve 10 requests for production of documents, 10 interrogatories and two deposition notices upon Plaintiff within five business days of the date hereof;

*3.* Upon execution of this Order, Plaintiff may issue a subpoena *duces tecum* and *ad testificandum* (*i.e.*, no more than 10 document requests) upon Citigroup Inc. ("Citi") for a Federal Rule of Civil Procedure 30(b)(6) witness or witnesses on four topics, and may issue such a subpoena upon another non-party witness;

4. Each party, Citi, and the third-party witness shall deliver written responses and responsive Documents to foregoing discovery requests to opposing counsel, no later than seven (7) calendar days after service of the requests, unless otherwise agreed to by the parties, Citigroup Inc. and/or the third-party witness; and

5. Depositions shall not exceed three (3) hours in duration, shall be conducted

before a person authorized to administer oaths at a mutually convenient place (physical or remote), date and time, in accordance with the joint status report (Docket Entry No. 25), unless otherwise agreed to by the parties, Citi, and or the non-party witness.

**IT IS SO ORDERED.**

Dated:  November 30, 2020
Time: 3:50 p.m.

      /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

5