BAKER & HOSTETLER LLP
John Siegal
Tiffany A. Miao
45 Rockefeller Plaza
New York, NY 10111
Telephone: 212-589-4200
Email: jsiegal@bakerlaw.com
Email: tmiao@bakerlaw.com
*Attorneys for Plaintiff*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/8/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INTREPID FINANCIAL PARTNERS, LLC,<br><br>  Plaintiff,<br><br>-v.-<br><br>ANTONIO C. FERNANDEZ,<br><br>  Defendant. | Case No.: 20-cv-09779-LTS-KHP |

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the expedited discovery ordered by the Court and preliminary injunction phase of this action:

1.  Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client or third-parties in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party

as confidential will be stamped "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2. The confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the confidential information.

4. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party, including in-house counsel and employees of such counsel assigned to and necessary to assist in the litigation;

   b. Outside counsel and employees of such counsel assigned to and necessary to assist in the litigation;

   c. Authors and recipients of such documents, whose review of such documents is necessary for the prosecution or defense of the action

   d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   e. Deposition witnesses;

   f. The Court (including the mediator, or other person having access to any confidential information by virtue of his or her position with the Court);

g.  Any governmental, regulatory, or administrative agency who may seek review of confidential information from any party;

h.  Any entity or person to whom any party, by law, is required to make such disclosure; and

i.  Any other person agreed to by the parties.

5. Before disclosing or displaying any document designated "CONFIDENTIAL" to any person identified in (d), (e), or (i), counsel must:

a.  Inform the person of the confidential nature of the information or documents;

b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.  Require each such person to sign the Agreement to be bound by this Order in the form attached hereto.

6. The Parties recognize that there may be certain sensitive confidential, financial, business, and/or propriety documents, the disclosure of which to certain categories of persons designated in Paragraph 4 may compromise and/or jeopardize the disclosing party's interest. Such documents may be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and shall only be disclosed to the person identified in (b), (c), and (f) – (h) in Paragraph 4.

7. The attorneys of record for a party who wishes to disclose documents designated "CONFIDENTIAL," or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," to persons other than those qualified to receive such documents under Paragraph 4 or 6 shall notify the attorneys of record for the other party. The attorneys shall discuss in good faith whether disclosure can be

made. If the attorneys cannot agree, then the party seeking disclosure shall move the Court, on reasonable notice, for an order permitting disclosure. Pending a ruling by the Court, no disclosure of the documents to persons, other than those qualified to receive the document under Paragraph 4 or 6 shall be made.

8. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," shall not constitute a waiver of the right to designate such document or information as confidential information. If so designated, the document or information shall thenceforth be treated as confidential information subject to all the terms of this Stipulation and Order.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

10. Pursuant to Federal Rule of Civil Procedure 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

11. Notwithstanding the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal. Prior to the filing of any documents designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the parties shall meet and confer with respect to redacting any confidential information, and if the parties are unable to reach an agreement, the information will be filed under seal. The parties shall follow the Court's procedures with respect to filing under seal.

12. At the conclusion of litigation, documents designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party, certified as destroyed, or maintained in accordance with the parties' document retention policies, except that the parties' counsel shall be permitted to retain their working files (including work product, pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits) on the condition that those files will remain protected.

13. All depositions, including non-party depositions, shall presumptively be treated as confidential subject to this Stipulation and Order for a period of 30 days after a transcript of said deposition is received by counsel for the parties, and at or before the end of the 30-day period, the deposition shall be classified appropriately.

14. A party may designate as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to this Stipulation and Order any document or information produced or given by a non-party to this case, or any portion thereof. Designation shall be made by notifying counsel in writing of those documents which are to be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at any time up to 30 days after receipt of the documents by counsel. Prior to the expiration of the 30-day period, such documents shall be treated as designated.

15. If a party is called upon to produce documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the party from whom the confidential information is sought shall give written notice to counsel for the party that produced

the information within 5 business days of receipt of the order, subpoena, or direction, and give the producing party 5 business days to object to the production of such confidential information, if it so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Stipulation and Order to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

16.     This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information. Absent written consent of the parties, this Stipulation and Order shall continue to be binding after the conclusion of this litigation.

**SO STIPULATED AND AGREED:**

| | |
|---|---|
| Dated: December 7, 2020 | Dated: December 7, 2020 |
| /s/John Siegal | /s/Tina Solis |
| BAKER & HOSTETLER LLP | NIXON PEABODY LLP |
| John Siegal | Tina B. Solis |
| Tiffany A. Miao | Christina E. Kurkow |
| 45 Rockefeller Plaza | 70 West Madison Street, 35th Floor |
| New York, NY 10111 | Chicago, IL 60602 |
| Telephone: 212-589-4200 | Telephone: 312-977-4400 |
| Email: jsiegal@bakerlaw.com | Email: tbsolis@nixonpeabody.com |
| Email: tmiao@bakerlaw.com | Email: kurow@nixonpeabody.com |
| *Attorneys for Plaintiff* | |
| | -And- |
| | Daniel A. Schnapp |
| | Nixon Peabody LLP |
| | Tower 46 55 West 46th Street |
| | New York, NY 10036 |
| | Telephone: 212-940-3000 |
| | Email: dschnapp@nixonpeabody.com |
| | *Attorneys for Defendant Fernandez* |

**IT IS SO ORDERED.**

*Katharine H. Parker*

UNITED STATES MAGISTRATE JUDGE

Date: December 8, 2020

## AGREEMENT

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)