# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Tiffany A. Miao
direct dial: 212.589.4266
tmiao@bakerlaw.com

December 12, 2020

**VIA ECF**

Hon. Laura Taylor Swain
United States District Court,
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

**MEMO ENDORSED**

Re:   *Intrepid Financial Partners, LLC v. Antonio C. Fernandez*, Case No.: 1:20-cv-09779

Dear Judge Swain:

      We represent plaintiff Intrepid Financial Partners, LLC in the above-referenced matter. Pursuant to your Honor's Individual Practice Rule A.5, we respectfully submit this letter motion to correct inadvertent filings and request that the Court (1) seal the Memorandum of Law in Support of the Motion for Preliminary Injunction, ECF No. 44; (2) seal the Declaration of Hugh "Skip" McGee in Support of the Motion for Preliminary Injunction, ECF No. 45; permit plaintiff to file the following:

- The redacted version of the Memorandum, ECF No. 46, and file under seal an unredacted version;

- The redacted version of the Declaration of Hugh "Skip" McGee, ECF No. 47, and file underseal an unredacted version;

- The redacted version of the Declaration of Christopher F. Winchenbaugh and accompanying Exhibits A, B, C, D, and E, ECF Nos. 49, 49-1, 49-2, 49-3, 49-4, 49-5; and file under seal unredacted versions;

- The redacted version of the Declaration of John Siegal and accompanying Exhibits 1 and 2, ECF Nos. 48, 48-1, 48-2, and file under seal unredacted versions.

Hon. Laura Taylor Swain
December 12, 2020
Page 2

The information plaintiff seeks to redact in the referenced documents is narrowly tailored to sensitive non-public information including proprietary information, trade secrets, and personal financial compensation, pursuant to the Stipulation and Protective Order entered into by the parties, ECF No. 37, para. 1, and consistent with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *see also Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 612 (S.D.N.Y. 1998) ("Potential damage from release of trade secrets is a legitimate basis for sealing documents…").

Counsel has conferred with defendant, and defendant consents to plaintiff's request. In addition, the parties have agreed that with respect to filing confidential information on the public docket, the parties have agreed to abide by the confidentiality designations on documents/materials as designated by the producing party, up and until the parties have had an opportunity to confer on this issue. Each party reserves their right to challenge any confidentiality designations.

Accordingly, plaintiff respectfully requests that the Court grant its application and enter an order allowing the redactions filed.

Sincerely,

*/s/ Tiffany A. Miao*

Tiffany A. Miao

cc: Tina Solis, Esq.
Daniel Schnapp, Esq.
Christina Kurow, Esq.
John Siegal, Esq.

For the reasons stated above, the foregoing redaction (and corollary sealing) requests are granted with the exception of the request to redact and seal the material highlighted in paragraphs 1 to 4 and 6 of DE#53. The sealed material shall be access-restricted to parties (plaintiff and defendant) only. Plaintiff shall re-file a public version of DE#53 with the redactions on paragraphs 1 to 4 and 6 removed. The Clerk of Court is respectfully directed to restrict access to Docket Entry Nos. 44 and 45 to the parties (plaintiff and defendant) only. DE#50 resolved.
SO ORDERED.
12/14/2020
/s/ Laura Taylor Swain, USDJ