

**NIXON PEABODY LLP**
**ATTORNEYS AT LAW**

NIXONPEABODY.COM
@NIXONPEABODYLLP

**Daniel A. Schnapp**
*Partner*
T 212-940-3026
dschnapp@nixonpeabody.com

Tower 46
55 West 46th Street
New York, NY  10036-4120
212-940-3000

December 14, 2020

<u>Via ECF</u>

Honorable Laura Taylor Swain
U.S. District Court
Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
SwainNYSDCorresp@nysd.uscourts.gov

**<u>MEMO ENDORSED</u>**

RE:   *Intrepid Financial Partners, LLC v. Antonio C. Fernandez*, **Civil Action No.: 1:20-cv-09779-LTS**

Dear Judge Swain:

As the Court is aware, this Firm represents Defendant Antonio C. Fernandez ("Defendant") in the above captioned matter.

Defendant writes pursuant to Your Honor's Individual Practices Rules, Rule A(5)(b)(ii), to request permission to file certain documents under seal related to Defendant's (1) Memorandum of Law in Support of his Motion to Dismiss the Amended Complaint in Aid of Arbitration ("Memorandum in Support of Motion to Dismiss") and (2) Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction in Aid of Arbitration ("Opposition to Motion for Preliminary Injunction"), which Defendant filed on December 14, 2020.

Defendant intends to file his Memorandum in Support of his Motion to Dismiss and Opposition to Motion for Preliminary Injunction in redacted form, redacting the cited deposition testimony of Christopher Winchenbaugh ("Winchenbaugh"), Hugh "Skip" McGee ("McGee"), Defendant, and Stephen Trauber ("Trauber"), based on the parties' agreement and the Protective Order in this case, which designates deposition testimony as "Confidential."  Defendant respectfully requests Your Honor allow him to file his (1) Memorandum in Support of his Motion to Dismiss and (2) Opposition to Motion for Preliminary Injunction under seal to protect the confidentiality of the cited deposition testimony.

Defendant also submitted exhibits with his Memorandum in Support of his Motion to Dismiss and Opposition to Motion for Preliminary Injunction that have been designated

Honorable Laura Taylor Swain
December 14, 2020
Page 2

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

"Confidential" by the parties under the Protective Order. Specifically, Defendant has attached the following "Confidential" documents to his December 14, 2020 filings:

**(1) Memorandum in Support of his Motion to Dismiss**

    a. **Exhibit K to Exhibit 2** of Daniel A. Schnapp's Declaration, which contains Defendant's September 2, 2020 Citigroup N.A. Offer Letter, produced by Defendant in this case, Bates-labeled FERNANDEZ_000320-328, and designated "Confidential" under the Protective Order;

    b. **Exhibit 6** to Daniel A. Schnapp's Declaration, which contains excerpts of Winchenbaugh's deposition testimony in this case, designated by the parties as "Confidential" under the Protective Order;

    c. **Exhibit 7** to Daniel A. Schnapp's Declaration, which contains excerpts of McGee's deposition testimony in this case, designated by the parties as "Confidential" under the Protective Order;

    d. **Exhibit 8** to Daniel A. Schnapp's Declaration, which contains excerpts of Defendant's deposition testimony in this case, designated by the parties as "Confidential" under the Protective Order;

    e. **Exhibit 10** to Daniel A. Schnapp's Declaration, which is Intrepid employee, Makay Clements' Employment Agreement, produced by Plaintiff in this case, Bates-labeled, IFP_0000839-841, and designated "Confidential" under the Protective Order; and

    f. **Exhibit 17** to Daniel A. Schnapp's Declaration, which contains excerpts of Trauber's deposition testimony in this case, designated by the parties as "Confidential" under the Protective Order.

**(2) Opposition to Motion for Preliminary Injunction**

    a. **Exhibit K to Exhibit 2** and **Exhibit 15** to Daniel A. Schnapp's Declaration, which contains Defendant's September 2, 2020 Citigroup N.A. Offer Letter, produced by Defendant in this case, Bates-labeled FERNANDEZ_000320-328, and designated "Confidential" under the Protective Order;

    b. **Exhibit 6** to Daniel A. Schnapp's Declaration, which contains excerpts of Winchenbaugh's deposition testimony in this case, designated by the parties as "Confidential" under the Protective Order;

Honorable Laura Taylor Swain
December 14, 2020
Page 3

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

    c. **Exhibit 7** to Daniel A. Schnapp's Declaration, which contains excerpts of McGee's deposition testimony in this case, designated by the parties as "Confidential" under the Protective Order;

    d. **Exhibit 8** to Daniel A. Schnapp's Declaration, which contains excerpts of Defendant's deposition testimony in this case, designated by the parties as "Confidential" under the Protective Order;

    e. **Exhibit 10** to Daniel A. Schnapp's Declaration, which is Intrepid employee, Makay Clements' Employment Agreement, produced by Plaintiff in this case, Bates-labeled, IFP_0000839-841, and designated "Confidential" under the Protective Order; and

    f. **Exhibit 17** to Daniel A. Schnapp's Declaration, which contains excerpts of Trauber's deposition testimony in this case, designated by the parties as "Confidential" under the Protective Order.

The parties have conferred on these matters and have agreed to abide by the parties' confidentiality designations for the purposes of filing documents under seal with the Court.

In accordance with Your Honor's Rules, Defendant has filed the unredacted and sealed versions of the aforementioned documents under seal via ECF. Defendant will also submit unredacted versions of his filing to Chambers via email.

Accordingly, Defendant respectfully requests that the Court grant his requests to file the aforementioned documents under seal.

Respectfully submitted,

*[signature]*

Daniel A. Schnapp
Partner

cc:    Tina B. Solis, Esq.
        John Siegal, Esq.
        Tiffany A. Miao, Esq.

---

As stated in the cited Individual Practices rule, "[i]n general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. See, e.g., In re Gen. Motors LLC Ignition Switch Litig., No. 14-MD-2543(JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015)." The foregoing submission does not present a basis upon which the Court can determine whether the sealing requests meet the relevant legal standards and are sufficiently narrowly tailored (see, e.g., Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). Defendant is directed to supplement this application with the requisite factual and legal justification **by December 17, 2020, at 12:00 p.m. noon**. The supplemental filing must also include highlighted versions of the proposed redacted documents to the extent redaction of portions of documents, rather than entire documents, is proposed, and specify the ECF docket entry subnumbers of the referenced documents.
SO ORDERED.
12/15/2020
/s/ Laura Taylor Swain, USDJ